IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 SEP 29 PM 1:02

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| UNITRIN SPECIALTY, a business segment of UNITRIN, INC., and TRINITY UNIVERSAL INSURANCE CO., a wholly owned subsidiary of UNITRIN, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

CIVIL ACTION NO. 3 : 06 cv 0302

WALTER HERBERT RICE

COMPLAINT

JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and the Age Discrimination in Employment Act to correct an unlawful employment practice on the basis of retaliation and to provide appropriate relief to Thomas Allmond. The Commission alleges that Defendants terminated Thomas Allmond in retaliation for having complained of age and sex discrimination, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the

"ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States Court for the Southern District of Ohio, Western Division.

3. But for the employment practice alleged to be unlawful, Thomas Allmond would have worked within the jurisdiction of the United States Court for the Southern District of Ohio, Western Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f) (1) and (3); and Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Defendant Unitrin, Inc., has continuously been a Delaware corporation, doing business in the State of Ohio and the City of Dayton, and has continuously had at least 20 employees; Defendant Unitrin Specialty has been a business segment of Unitrin, Inc.; and Defendant Trinity Universal Insurance Company, a wholly owned subsidiary of Unitrin, Inc., has continuously been a Texas corporation, doing business in the State of Ohio and the City of Dayton, and has continuously had at least 20 employees (the "Employers").

6. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h)

of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h); and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## CONCILIATION

7.  Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Thomas Allmond filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.  On or about August 15, 2005, Defendant Employers engaged in an unlawful employment practice, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and Section 4 of the ADEA, 29 U.S.C. § 623(d). Defendant Employers fired Thomas Allmond in retaliation for his having complained of age and sex discrimination.

10. The effect of the practice complained of in paragraph 9 above has been to deprive Thomas Allmond of equal employment opportunities and otherwise adversely affect his status as an employee, because of retaliation.

11. The unlawful employment practice complained of in paragraph 9 above was intentional.

12. The unlawful employment practice complained of in paragraph 9 above was done with malice or with reckless indifference to the federally protected rights of Thomas Allmond.

3

13. The unlawful employment practice complained of in paragraph 9 above was willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from firing employees for having complained of discrimination and any other employment practice which discriminates on the basis of retaliation.

 B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who have complained of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

 C. Order Defendant Employers to make whole Thomas Allmond by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement or in the alternative an award of front pay to Thomas Allmond.

 D. Order Defendant Employers to make whole Thomas Allmond by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 9 above, including but not limited to out of pocket expenses, plus prejudgment interest, in amounts to be determined at trial.

4

E. Order Defendant Employers to make whole Thomas Allmond by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practice described in paragraph 9 above, including but not limited to physical and emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant Employers to pay Thomas Allmond punitive damages for their malicious and reckless conduct described in paragraph 9 above, in amounts to be determined at trial.

G. Grant a judgment requiring Defendant Employers to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, or prejudgment interest in lieu thereof to the individual whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Thomas Allmond.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

*Laurie M Young*
LAURIE A. YOUNG, #11480-49
Regional Attorney

5

*[signature]*
MICHELLE EISELE, #12070-49
Supervisory Trial Attorney


*[signature]*
KENNETH L. BIRD, #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@eeoc.gov

6